IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TIMOTHY DAVID SMITH**                                                                           **PLAINTIFF**

**vs.**                                            **CIVIL ACTION NO. 3:16CV212-RP**

**COMMISSIONER OF SOCIAL SECURITY**                             **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Timothy David Smith seeks judicial review of the administrative law judge's ("ALJ") termination of benefits as of September 30, 2012. Plaintiff was found disabled as of February 1, 2006, and on September 20, 2012, the Commissioner determined he was no longer disabled. The termination of benefits was upheld on reconsideration and plaintiff requested a hearing before an ALJ. The hearing was held on February 5, 2015 and the ALJ issued an unfavorable opinion on March 25, 2015. On July 20, 2016, the Appeals Council denied plaintiff's request for review and affirmed the prior decision.

Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment. Having considered the record, the briefs and the oral arguments of counsel, the court finds this case should be remanded to the Social Security Administration.

**I. FACTS**

Plaintiff was born on June 7, 1972 and completed the seventh grade. Docket 8 at 149. He was forty-two years old at the time of the hearing. *Id.* at 20. Plaintiff did not have any past

relevant work during the period of time at issue. *Id.* Plaintiff contends that his disability continues and that he suffers from chronic depression, social anxiety, panic attacks, irregular heart beat, asthma, hypertension, diabetes mellitus, and obesity. *Id.* at 12. The ALJ determined that, as of August 17, 2006, at the time of the comparison point decision or "CPD", plaintiff suffered from affective mood disorder and anxiety disorder which were found to meet listings 12.04 and 12.06. *Id.* at 11-12. However, as of September 30, 2012, the ALJ found that plaintiff experienced the following medically determinable impairments: "tachycardia, asthma, diabetes mellitus, dysthymia, anxiety, hypertension and obesity." *Id.* The ALJ further concluded that none of the impairments experienced by plaintiff on September 30, 2012 met a listing on their own or when combined. *Id.* at 14. As such, the ALJ determined that plaintiff had experienced medical improvement and had the residual functional capacity to perform light work with limitations. *Id.* at 17. Considering the testimony of a vocational expert, the ALJ determined that plaintiff could perform the jobs of a bakery raker, a garment sorter and a ticketer. Because the ALJ determined that jobs exist in the national economy that plaintiff can perform, the ALJ concluded that he was no longer disabled as of September 30, 2012. Docket 8 at 21.

Plaintiff claims the ALJ committed multiple errors. Having reviewed the record and having considered the briefs and the oral arguments of counsel, the court finds reversible error in the manner in which the ALJ determined that medical improvement occurred. The ALJ failed to review plaintiff's prior medical evidence as is required for a finding of medical improvement, without which finding, in the absence of certain exceptional circumstances that do not exist here, there can be no termination of disability benefits. This case should be remanded for the ALJ to obtain and review the file upon which plaintiff's most recent favorable determination was based.

## II. STANDARD OF REVIEW

It is well settled that this court's review of the Commissioner's decision is limited to two inquiries: "(1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *see also* 42 U.S.C. § 405(g); *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th cir. 1999); *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The Fifth Circuit has explicitly addressed the scope of this court's review of the termination of a person's benefits. *See Taylor v. Heckler*, 742 F.2d 253, 256 (5th Cir. 1984) (citing *Buckley v. Heckler*, 739 F.2d 1047, 1048-49 (5th Cir. 1984)). Even though the burden of proving disability is on a Social Security claimant, "once evidence has been presented which supports a finding that a given condition exists it is presumed in the absence of proof to the contrary that the condition has remained unchanged." *Buckley*, 739 F.2d at 1049 (quoting *Rivas v. Weinberger*, 475 F.2d 255, 258 (5th Cir. 1973)). In other words, once benefits have been awarded, the claimant is afforded a "presumption of continuing disability that requires the Secretary to provide evidence" that the claimant's condition has improved. *Taylor*, 742 F.2d at 255. In addition, the Commissioner must weigh the facts which formed the basis for the prior determination of disability with the Commissioner's new evidence and any additional evidence submitted by the claimant. *Id.*

The Social Security Act explicitly states that, absent exceptions that are not relevant here,

a finding that a recipient is no longer entitled to disability benefits must be supported by substantial evidence *both* that "there has been any medical improvement" *and* that "the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f). This plain language dictates that benefits may not be terminated without a finding of medical improvement. According to Social Security Administration regulations, medical improvement is determined as follows:

> Medical improvement is any decrease in the medical severity of impairment(s) present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled and *is determined by a comparison of prior and current medical evidence* which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s).

20 C.F.R. § 404.1594(c)(1) (emphasis added)..

### III. DISCUSSION

Where the Commissioner is deciding whether to terminate existing benefits due to an alleged medical improvement, Social Security Administration regulations prescribe an eight-step evaluation process to determine:

(1) whether claimant is engaging in substantial gainful activity;

(2) if not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing;

(3) if impairments do not meet a listing, whether there has been medical improvement;

(4) if there has been medical improvement, whether the improvement is related to the claimant's ability to do work;

(5) if there is improvement related to claimant's ability to do work, whether an exception to medical improvement applies;

(6) if medical improvement is related to the claimant's ability to do work or if one of the first groups of exceptions to medical improvement applies, whether the claimant has a

4

severe impairment;

(7) if the claimant has a severe impairment, whether the claimant can perform past relevant work; and

(8) if the claimant cannot perform past relevant work, whether the claimant can perform other work.

20 C.F.R. § 404.1594(f).

In this case, the ALJ determined the plaintiff's most recent favorable medical decision finding him to be disabled, or the "comparison point decision" (CPD), occurred on August 17, 2006. Docket 8 at 15. In making his determination at step three that medical improvement occurred as of September 30, 2012, the ALJ apparently did not have the benefit of the prior medical evidence that had resulted in the CPD. Although the ALJ recites several medical conditions and symptoms purportedly experienced by the plaintiff at the time of the CPD, the ALJ cites no supporting medical evidence. Docket 8 at 20. Indeed, the items listed as exhibits to the ALJ's decision include no medical records pertaining to the CPD. Docket 8 at 28-30. Also, in the briefs and oral arguments presented to this court, there is no dispute that the 2006 report of Dr. Small, which appears to have been of some import to the CPD, is not a part of the record in this case. In fact, the record in this case does not appear to include any medical records pertaining to the CPD. The court can only conclude that the ALJ's finding of medical improvement in this case was not "determined by a comparison of prior and current medical evidence" as is required by 20 C.F.R. § 404.1594(c)(1).

The prior medical evidence is so vital to a finding of medical improvement that agency regulations preclude such a finding when the file upon which the claimant's most recent favorable determination of benefits was based cannot be found and is not reconstructed. 20

5

C.F.R. § 404.1594(c)(3)(iv) provides:

> If the prior file cannot be located, we will first determine whether you are able to now engage in substantial gainful activity based on all your current impairments .... If you are able to engage in substantial gainful activity, we will determine whether an attempt should be made to reconstruct those portions of the missing file that were relevant to our most recent favorable medical decision (e.g., work history, medical evidence from treating sources and the results of consultative examinations). This determination will consider the potential availability of old records in light of their age, whether the source of the evidence is still in operation, and whether reconstruction efforts will yield a complete record of the basis for the most recent favorable medical decision. If relevant parts of the prior record are not reconstructed either because it is determined not to attempt reconstruction or because such efforts fail, medical improvement cannot be found.

S*ee also Hallaron v. Colvin*, 578 Fed.Appx. 350, 353-54 (5th Cir. 2014) (reversing lower court decision affirming ALJ's decision terminating benefits where prior file could not be located, and remanding for consideration of reconstruction of file).

Because the ALJ did not consider prior medical evidence as is required for a finding of medical improvement, the ALJ's finding in that regard is not supported by substantial evidence and was based on the application of an improper legal standard. The ALJ's decision will be reversed and remanded with instructions to obtain and review the prior file. If the ALJ determines the prior file cannot be located, the ALJ should determine whether an attempt should be made to reconstruct those portions of the missing file that were relevant to the plaintiff's CPD, and if for any reason the relevant parts are not reconstructed, medical improvement cannot be found and the plaintiff's benefits may not be terminated.

## IV.  CONCLUSION

The Commissioner's determination that plaintiff experienced medical improvement will be remanded for additional review in accordance with this opinion. A final judgment in accordance with this opinion will issue this day.

SO ORDERED, this, the 24th day of May, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE